UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5677 PSG (PJWx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | AWI Builders, Inc. v. thyssenkrupp Elevator Corporation, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     The Court DENIES Plaintiff's ex parte application

Before the Court is an ex parte application for a permanent injunction filed by Plaintiff AWI Builders, Inc. ("Plaintiff"). *See* Dkt. # 8 ("*App.*"). Defendant thyssenkrupp Elevator Corporation ("Defendant") opposes the application. *See* Dkt. # 11 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court **DENIES** Plaintiff's ex parte application.

I.     <u>Background</u>

On May 15, 2019, Plaintiff filed a complaint in Los Angeles Superior Court against Defendant for breach of contract and enforcement of license bond. *Complaint*, Dkt. # 1-5 ("*Compl.*"). Plaintiff, a contractor, alleges that Defendant failed to comply with the subcontract that the parties entered for Defendant's elevator installation and related work at the Huntington Orthopedics Institute, LLC at 39 Congress Street in Pasadena. *Id.* ¶¶ 6–11.

On August 29, 2019, Plaintiff filed an ex parte application for a permanent injunction ordering Defendant to release and render operational elevator number 4 at the Huntington Specialty Surgery construction project. *App.* 1:27–2:3. Plaintiff states that Defendant "locked down elevator number 4, which it refuses to release unless all of its payment demands are met in full," and that Defendant's decision "creates a significant threat to the health and safety of patients under anesthesia." *Id.* 3:3–12; Dkt # 8-1, Ex. D. Plaintiff states that "TKE locked the elevator after the elevator inspector allowed the operation of the surgery center based on having an appropriate number of operational elevators," and that Defendant refused to unlock the elevator after several emails and phone calls between the parties over the course of two weeks. *App.* 3:20–25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5677 PSG (PJWx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | AWI Builders, Inc. v. thyssenkrupp Elevator Corporation, et al. | | |

## II. Legal Standard

The law on ex parte applications is well settled in this Circuit. In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's standing order indicates, ex parte requests will only be entertained by the Court for extraordinary situations and should be used with discretion. *See Standing Order* ¶ 10.

## III. Discussion

Plaintiff requests a permanent injunction. As permanent injunctions are issued at the conclusion of a case after an adjudication on the merits and not before, the Court finds it inappropriate to consider it at this stage. *See Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987).

Instead, the Court construes Plaintiff's request as one for a preliminary injunction or a temporary restraining order. An application for a temporary restraining order must satisfy the same legal standard governing the issuance of a preliminary injunction. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

Here, the ex parte application in no way attempts to establish that Plaintiff will succeed on the merits of the case. Further, while Plaintiff has alleged that the health of patients is endangered by the inaccessibility of elevator number 4, Plaintiff has not explained why the other three elevators do not sufficiently service the floors in question, such that there is an immediate threat of irreparable harm without injunctive relief. *See Opp.* 5:10–18, 9:9–10:7; *Winter*, 555 U.S. at 22–23 (holding that a mere "possibility" of irreparable harm is not sufficient to justify the issuance of a preliminary injunction, instead a "clear showing" that plaintiff is entitled to such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5677 PSG (PJWx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | AWI Builders, Inc. v. thyssenkrupp Elevator Corporation, et al. | | |

relief is required). Plaintiff has also failed to address Defendant's argument that Plaintiff is not the real party in interest. *See Opp.* 12:20–13:6.[1]

IV. Conclusion

For the foregoing reasons, Plaintiff's ex parte application is **DENIED**.

---

[1] Defendant requests attorneys' fees. *See Opp.* 13:7–25. However, Defendant has not sufficiently demonstrated that it is entitled to fees at this time.