O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AWI BUILDERS, INC., a California corporation, | Case No.:  2:19-cv-05677-MEMF-AJR |
| Plaintiff, | **ORDER DENYING MOTION TO STRIKE; GRANTING IN PART MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST; AND RULING ON ORDER TO SHOW CAUSE [ECF NOS. 356, 368]** |
| v. | |
| THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation doing business as THYSSENKRUPP ELEVATORS; FEDERAL INSURANCE COMPANY, a New Jersey Corporation; AND DOES 1 through 200, inclusive, | |
| Defendants. | |
| THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation, | |
| Counter-Claimant, | |
| v. | |
| AWI BUILDERS, INC., a California corporation; FULLERTON JOINT UNION HIGH SCHOOL DISTRICT, a California public entity; THE OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation; GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; HANOVER | |

1  INSURANCE COMPANY, a California
   company; AND, ROES 1 through 25, inclusive.

2                    COUNTER-DEFENDANTS.

3

4

5

6

7          The following items are before the Court: a Motion for Attorney's Fees, Costs, and

8  Prejudgment Interest filed by Plaintiff and Counter-Defendant AWI Builders Inc., Counter-

9  Defendant Hanover Insurance Company, Counter-Defendant Great American Insurance Company,

10 and Counter-Defendant Ohio Casualty Insurance Company (ECF No. 356); a Motion to Strike filed

11 by Defendant and Counterclaim Plaintiff Thyssenkrupp Elevator Corporation (ECF No. 368), and

12 responses to an Order to Show Cause (*see* ECF Nos. 362, 367, 369, 375). For the reasons stated

13 herein, the Court DENIES the Motion to Strike (ECF No. 368), GRANTS IN PART the Motion for

14 Attorney's Fees, Costs, and Prejudgment Interest (ECF No. 356), and rules on the Order to Show

15 Cause as described herein.

16                              **BACKGROUND**

17         The Court has addressed the extensive procedural history of this action in previous orders

18 (*see, e.g.*, ECF Nos. 211, 286, 362), and so will only discuss aspects relevant to this Order here.

19         This action relates to various disputes that arose on two construction projects that Plaintiff

20 and Counter-Defendant AWI Builders Inc. ("AWI") and Defendant and Counterclaim Plaintiff

21 Thyssenkrupp Elevator Corporation ("TKE") each played a role in: the "39 Congress Project," a

22 project related to a medical facility, and the "Sonora Project," a project related to a high school. *See*

23 ECF No. 220.

24         The Court held a simultaneous jury and bench trial in this action beginning on August 12,

25 2024.[1] *See* ECF No. 321. The Jury returned a verdict on August 23, 2024. *See* ECF No. 287. The

26

27 _____

28 [1] Although other parties remain parties to this action, the action proceeded to trial with only AWI and TKE, as described in detail in the Court's previous Order. *See* ECF No. 362 at 2–3.

Court ruled from the bench as to many of the bench trial issues on August 21, 2024, and issued a written order reflecting its findings of fact and rulings on August 26, 2024. *See* ECF No. 286.

On January 16, 2025, the Court issued an Order regarding various outstanding issues and post-trial motions. *See* ECF No. 350. The Court later issued a corrected version of that Order to address small clerical errors. *See* ECF No. 362. The Court ruled as follows: TKE's Motion for Judgment as a Matter of Law or for a New Trial was granted in part; TKE's Motion for Sanctions was denied; AWI failed to show that it was entitled to relief on its UCL claim (which was to be ruled on by the Court, and had not previously been decided); and AWI was ordered to show cause as to whether its counsel made a false statement or otherwise exhibited a lack of candor to the Court, and if so, whether sanctions should issue. *See id.* at 29.

As part of its ruling on TKE's Motion for Judgment as a Matter of Law or for a New Trial, the Court reduced the jury's award. The final damages award was adjusted as described below:

| AWI's Claims Against TKE | | |
|---|---|---|
| | Jury's Award | Adjusted Award |
| AWI's claim against TKE for breach of contract regarding the 39 Congress Project: | $131,419.33 | $85,533.50 |
| AWI's claim against TKE for breach of contract regarding the Sonora Project: | $180,000.00 | $12,186.96 |
| AWI's claim against TKE for negligence regarding the 39 Congress Project: | $0 | $0 |
| AWI's claim against TKE for negligence regarding the Sonora Project: | $120,000.00 | $0 |
| AWI's claim against TKE to execute on license bond regarding both the 39 Congress Project and the Sonora Project: | $5,625.00 | $5,625.00 |
| **AWI's total damages:** | **$437,044.33** | **$103,345.46** |

| TKE's Claims Against AWI | | |
|---|---|---|
| | Jury's Award | Adjusted Award |
| TKE's claim against AWI for breach of contract regarding the 39 Congress Project: | $0 | $0 |

| | | |
|---|---|---|
| TKE's claim against AWI for breach of contract regarding the Sonora Project: | $0 | $0 |
| TKE's claim against AWI to execute on license bond regarding both the 39 Congress Project and the Sonora Project | $0 | $0 |
| TKE's claim against AWI and GAIC on stop notice release bond regarding the Sonora Project: | $0 | $0 |
| TKE's claim against AWI for changed or extra work: | $0 | $0 |
| **TKE's total damages:** | **$0** | **$0** |

AWI filed the instant Motion for Attorney's Fees, Costs, and Prejudgment Interest on February 18, 2025. *See* ECF No. 356 ("Fees Motion"). TKE filed an Opposition to the Fees Motion on March 4, 2025. *See* ECF No. 357. AWI filed a Reply in support of the Fees Motion on March 19, 2025. *See* ECF No. 365.

TKE filed the instant Motion to Strike on March 21, 2025. *See* ECF No. 368. TKE requests that the Court strike AWI's Reply in support of its Fees Motion or the Fees Motion as a whole. *See id.* AWI filed an Opposition to the Motion to Strike on April 3, 2025. *See* ECF No. 374.

AWI filed an opening brief in response to the Court's Order to Show Cause ("OSC," *see* ECF No. 362) on March 27, 2025. TKE filed a response brief on April 3, 2025. *See* ECF No. 375. AWI filed a reply brief on April 7, 2025. *See* ECF No. 377. AWI's counsel David Sire filed an additional declaration on April 8, 2025. *See* ECF No. 378. AWI's counsel Roderic Pacheco filed an additional declaration on April 9, 2025. *See* ECF No. 380. The Court held a hearing on these matters on April 10, 2025, and set a further hearing for April 15, 2025. *See* ECF No. 383. AWI's counsel Roderic Pacheco filed another additional declaration on April 14, 2025. *See* ECF No. 384. TKE filed an objection to the declaration at ECF No. 384 on April 14, 2025. *See* ECF No. 385. The Court held a second hearing on these matters on April 15, 2025.

## MOTION TO STRIKE (ECF NO. 356)

### I. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f).

1

## II.    **Discussion**

2    TKE requests that the Court strike: (1) AWI's Reply in support of the Fees Motion, on the

3    basis that it was untimely under the Court's Standing Order; (2) AWI's entire Fees Motion, or

4    certain supporting documents submitted alongside it, on the basis that AWI failed to comply with the

5    Court's Standing Order.

6    The Court does not find it appropriate to strike these items. First, as to the Reply (ECF No.

7    356)—AWI filed the Reply on March 19, 2025. Under the Court's Standing Order, a Reply brief in

8    support of a Motion must be filed "no later than seven (7) days after the Opposition." *See* Standing

9    Order § VIII(B). The Standing Order notes that TKE filed its Opposition to the Fees Motion on

10    March 4, 2025, *see* ECF No. 357, and so AWI's Reply was due on March 11, 2025. AWI's reply

11    was therefore filed eight days late. But in context, the Court does not find it appropriate to strike the

12    Reply. The Reply is not "redundant, immaterial, impertinent, or scandalous." *See* Fed. R. Civ. P.

13    12(f). And TKE has not identified any prejudice it suffered from the late submission of the Reply

14    brief. The Court admonishes all parties to review the Court's Standing Order and to comply with it,

15    but the Court will not strike the untimely Reply brief.

16    Second, as to the Fees Motion as a whole and the supporting documents—TKE argues that

17    AWI failed to comply with portions of the Court's Standing Order regarding motions for attorney's

18    fees. *See* Standing Order § IX(E). The Court will address these arguments in ruling on the Fees

19    Motion. The Court does not see a basis to strike the Fees Motion or the supporting documents but

20    will consider TKE's arguments regarding purported non-compliance with the Standing Order in the

21    section below. AWI has provided no authority beyond Federal Rule of Civil Procedure 12 and high-

22    level precedent regarding the Court's inherent ability to control its docket, and none of this suggests

23    that these filing must be stricken. *See* ECF No. 368.

24    Thus, the Motion to Strike (ECF No. 368) is DENIED.

25    **FEES MOTION (ECF NO. 356)**

26    I.    **Applicable Law**

27    **A. Motion for Attorney's Fees**

28

1    State law governs a party's right to recover attorney's fees on state law claims like the ones

2    at issue here.[2] *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)

3    ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or

4    rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right

5    thereto, which reflects a substantial policy of the state, should be followed").

6    Under California law, parties to a contract may agree that attorney's fees shall be awarded to

7    the prevailing party if there is litigation regarding the contract, and in that circumstance, attorney's

8    fees "shall be awarded" to the "the party who is determined to be the party prevailing on the

9    contract." *See* Cal. Civ. Code § 1717(a). "Reasonable attorney's fees shall be fixed by the court."

10   *See id.* After a noticed motion, the court "shall determine who is the party prevailing on the contract

11   for purposes of this section." *See id*. "The determination of the party prevailing on the contract for

12   purposes of awarding attorney fees under section 1717 must be made independently of the

13   determination of the party prevailing in the overall action for purposes of awarding costs under Code

14   of Civil Procedure section 1032." *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.*, 211 Cal.

15   App. 4th 230, 239 (2012). The "burden of proof is on the party seeking the attorney fee award."

16   *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985).

17   "Where a cause of action based on the contract providing for attorneys' fees is joined with

18   other causes of action beyond the contract, the prevailing party may recover fees under section 1717

19   only as they relate to the contract action." *Id.* "A litigant may not increase the fee recovery by

20   joining a cause of action in which fees are not recoverable with one in which they are." *Id.* "The

21   converse is also true; that is, joinder [of several causes of action] should not dilute the right to

22   attorneys' fees." *Id.* "Thus, although time-keeping and billing procedures may make a requested

23   segregation difficult, they do not, without more, make it impossible." *Id.*

24   "The determination of what constitutes the actual and reasonable attorney fees are committed

25   to the sound discretion of the trial court." *Fed-Mart Corp. v. Pell Enters., Inc.*, 111 Cal. App. 3d 215,

26

27   _____

28   [2] All claims and counterclaims here are based on state law, and there is federal jurisdiction on the basis of diversity of citizenship. *See* ECF No. 1.

228 (Ct. App. 1980). Unless special circumstances dictate a different award, a party should generally recover for "all hours reasonably spent." *Meister v. Regents of Univ. of California*, 67 Cal. App. 4th 437, 447 (1998); *see also Hensley v. Eckerhart*, 461 U.S. 424, 430 n.4 (1983) ("In computing the fee, counsel for a prevailing party should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter."). "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." *Meister*, 67 Cal. App. 4th 437, 447–48. Where a court specifically requests certain information in order to calculate a fee award, and a party refuses to provide it, the Court does not abuse its discretion by awarding a fee award far smaller than what was requested. *See Diamond*, 753 F.2d at 1468.

The Court's Standing Order states that parties should attempt to compromise as to a fee award, and that "a contested request for attorneys' fees should not result in a second major litigation." *See* Standing Order § IX(E). To facilitate compromise, the Court requires a party seeking a fee award to do the following (among other items): (1) "provide opposing counsel with the billing records on which the motion will be based;" (2) "Inform opposing counsel of the hourly rates that will be claimed for each lawyer, paralegal, or other timekeeper," and provide evidence showing that these rates were actually paid in this matter or in litigation of the same type; and (3) "Furnish evidence of the actual cost of any nontaxable expenses to be sought by the motion." *See id.* If the parties cannot agree, the Court requires the moving party to, at least seven days prior to a meet and confer, provide a spreadsheet to the opposing party with detailed information on the award sought and its basis. *See id.*

### B. Motion for Costs and Prejudgment Interest

Under California law, a "prevailing party" is generally entitled to recover costs as a matter of right. *See* Cal. Civ. Proc. Code § 1032(b). For the purposes of a costs award, the "'prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." *See* Cal. Civ. Proc. Code § 1032(a)(4).

California law also entitles parties to prejudgment interest in some circumstances. If a party recovers damages that were "certain, or capable of being made certain by calculation," and the "right to recover which is vested [] upon a particular day," the party is entitled to interest from that day. *See* Cal. Civ. Code § 3287(a). Alternatively, where a party prevails on a contract claim for unliquidated damages, the Court "may, in its discretion," fix a date prior to judgment when interest is deemed to have accrued from and allow the party to recover interest from that date. *See* Cal. Civ. Code § 3287(b).

## II.    Discussion

AWI requests attorney's fees, costs, and prejudgment interest. For the reasons discussed below, the Court will award a reduced amount of attorney's fees, will award some costs but not all of the costs AWI seeks, and will not award prejudgment interest.

### A. AWI's Request for Attorneys' Fees is GRANTED IN PART.

AWI asserts that it is entitled to attorney's fees because the relevant contracts authorized such awards and because AWI was the prevailing party. Although the Court finds that each of these is correct—that the relevant contracts authorize awards to the prevailing party and that AWI is the prevailing party—AWI failed to comply with the Court's Standing Order as to this Motion and failed to meet its burden of supporting its request for any specific amount of attorney's fees. For these reasons, the Fees Motion is GRANTED IN PART as to the request for fees.

i.    The 39 Congress Project and Sonora Project Contracts Each Authorize Attorney's Fees Awards for the Prevailing Party.

First, the Court finds that the relevant contracts authorize fee awards for the prevailing party. TKE does not attempt to dispute this. *See* ECF No. 357. The relevant contracts for the 39 Congress Project and Sonora Project contained a clause stating that: "In the event of any litigation or arbitration between the parties hereunder, actual attorney's fees and other related costs including the costs of consultants or expert witnesses shall be recovered by the prevailing party." *See* ECF No. 356-6 at 20, 52. Thus, these contracts authorize a fees award.

ii.    AWI is the Prevailing Party as to Claims Based on the 39 Congress Project and Sonora Project Contracts.

Second, the Court finds that AWI was the prevailing party on the contract claims as to both the 39 Congress Project and the Sonora Project. As discussed above, the determination of "prevailing party" for attorney's fees based on a contract provision requires determining who is the "prevailing party *on the contract*," which in some circumstances is distinct from "the determination of the party prevailing in the overall action." *See Barnhart*, 211 Cal. App. 4th at 239. "When a party obtains a simple, unqualified victory by completely prevailing on or defeating *all contract claims* in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." *Id.* "If neither party achieves a complete victory on all the contract claims, it is within the discretion of the trial court to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees." *Id.*

Here, each side brought claims for breach of contract as to both the 39 Congress Project and Sonora Project contracts. *See* ECF No. 27 (operative claims); ECF No. 48 (operative counterclaims). The jury awarded AWI $131,419.33 on AWI's claim for breach of the 39 Congress Project contract, awarded AWI $180,000.00 on AWI's claim for breach of the Sonora Project contract, awarded TKE nothing on TKE's claim for breach of the 39 Congress Project contract, and awarded TKE nothing on TKE's claim for breach of the Sonora Project contract. *See* ECF No. 362 at 3–4 (summarizing jury award). The Court later reduced AWI's damages to $85,533.50 as to the 39 Congress Project contract and $12,186.96 as to the Sonora Project contract. *See id.* at 18. The Court left the jury awards of nothing to TKE on its breach of contract claims undisturbed. *See id.*

The Court finds that AWI was the prevailing party on both contracts. This is both because AWI was awarded damages on both contracts, and because AWI prevailed in opposing TKE's claims as to the contract. In its Opposition, AWI stresses that the Court has discretion to find that neither party prevailed. *See* ECF No. 357 at 8. This might occur where a court finds that each party "could each legitimately claim some success in the litigation," such as where there are claims and counterclaims for breach of a contract and "no relief was awarded to any party" on those claims. *See Hsu v. Abbara*, 891 P.2d 804, 812 (Cal. 1995). AWI cites nonbinding authority to argue that the

1 Court should consider that AWI only won a portion of the claimed damages.[3] Even assuming that

2 this is proper to consider, the Court would still exercise its discretion to find that AWI was the

3 prevailing party. AWI won non-nominal damages for each of its claims of breach of contract, and,

4 importantly, AWI also prevailed in opposing TKE's claims for breaches of the same contracts.[4,5]

5 AWI is the prevailing party on the contract claims.

        iii.  <u>AWI Failed to Show that it is Entitled to the Fee Award Sought, and the Court Will Award $300,000.</u>

8      AWI requests a fee award of $1,340,917.50. *See* ECF No. 356 at 24. This requested award is

9 based on a detailed spreadsheet that includes specific time entries. *See* ECF No. 356-8. AWI requests

10 an hourly rate of $1,000 per hour for lead counsel Roderic Pacheco ("Pacheco"), $600 per hour for

11 counsel David Sire ("Sire"), $750 per hour for former counsel Mark Feldman ("Feldman"), and

12 amounts ranging from $50 to $290 per hour for other support staff. *See* ECF No. 356 at 14. There are

13 numerous issues with AWI's request.

14      First, as TKE notes, the record suggests that AWI failed to provide TKE with the spreadsheet

15 detailing the fee award at least seven days in advance of a meet and confer as to this Fees Motion,

16 which is required by the Court's Standing Order as described above. The meet and confer as to the

17 Fees Motion was scheduled for February 11, 2025. *See* ECF No. 357-1 ¶ 5. On February 9, 2025,

18 just two days prior, AWI's counsel emailed TKE and informed them that the final version of the

---

[3] TKE notes that AWI asked the jury for $516,000.00 as to the Sonora Project contract (and won only $12,196.96) and that AWI asked the jury for $490,789.94 as to the 39 Congress Project contract (and won only $85,533.50). *See* ECF No. 357 at 9.

[4] TKE also urges the Court to consider AWI's claims for violation of the California Unfair Competition Law and for negligence as part of the contract claims. *See* ECF No. 357 at 8–9. Even if the Court were to consider AWI's failure to prevail on these claims—and the Court is not making any holding as to whether this would be proper—the Court would still find in its discretion that AWI was the prevailing party on the contract claims, because it won some damages for breach of contract and prevailed in opposing TKE's claims for breach of contract.

[5] TKE further argues that the Court should consider the parties' settlement discussion and find that AWI won an amount slightly lower than what TKE offered to settle for. *See* ECF No. 357 at 10 n.3. The Court need not rule on whether it would be proper to consider this, as TKE provides no authority suggesting that this is part of the calculus for whether AWI is the prevailing party even if it is proper to consider. If the Court were to consider this, the Court would still find that AWI prevailed on the contract claims.

spreadsheet detailed the fee award sought was not yet ready. *See id.* TKE did not receive a final version of the spreadsheet detailing the sought attorney's fees until February 18, 2025, after the meet and confer, and AWI filed its Motion on February 18, 2025. *See id.* ¶ 6. AWI does not dispute that this occurred but asserts that it "communicated to [TKE and its counsel] that the timely procurement of Excel spreadsheets would be challenging and time consuming," as AWI needed to collect five years' worth of fees into a spreadsheet, and because AWI's counsel's paralegals and support staff were busy at the relevant time. *See* ECF No. 374 at 7–8.

The Court finds that this is not a valid excuse for noncompliance with the Court's Standing Order. The Court notes that AWI was aware as of August of 2024 that it would likely file a motion for attorneys' fees. *See* ECF No. 315 at 4–5 (In a status report on post-trial motions, the parties stated that "After a final/enforceable Judgment on the merits is entered, Plaintiff and Counter-Defendants intend to file a timely motion for attorney fees and costs"). The Court stayed the deadline for filing such a motion pending a decision on other post-trial motions. *See* ECF No. 316. But the Court's Standing Order contained the relevant provisions at that time, and AWI could have foreseen that the motion and supporting spreadsheet would take time to prepare and begun the work months before the due date. Further, AWI was aware as of November 15, 2024, that the Court intended to hold a hearing on the post-trial motions on January 9, 2025, which should have put AWI on notice that the stay as to the deadline for the motion for attorney fees and costs would likely lift in January of 2025, after the Court issued its order on the other post-trial motions. *See* ECF No. 345. The Court held the hearing as scheduled on January 9, 2025, issued an Order as to the other post-trial motions on January 16, 2025, and lifted the stay in that Order. *See* ECF No. 362. Thus, AWI had approximately four weeks after the stay was lifted to prepare the spreadsheet and had advance notice of this deadline; it therefore should have been prepared to comply with the Court's Standing Order. AWI never sought a continuance from the Court, and there is no indication that AWI sought one from TKE. AWI opted instead to file this Motion in noncompliance with the Court's Standing Order—apparently because compliance would have been "time consuming" and its staff was busy with the firm's "massive workload." *See* ECF No. 374 at 7–8.

1    AWI's noncompliance hampers the Court's review of this Motion. The Court's Standing

2    Order envisions that the moving party will submit a spreadsheet that includes, on a line by line basis,

3    whether the nonmoving party objects to each individual time entry. *See* Standing Order § IX(E).

4    AWI's failure to provide the spreadsheet in advance made this impossible. The spreadsheet as

5    submitted by AWI makes it difficult for the Court to evaluate the requested time entries because it

6    does not indicate which time entries TKE disputes. *See* ECF No. 356-8.[6]

7        Second, and perhaps more importantly, AWI has simply failed to meet its burden given that

8    it did not support its claimed rates with evidence as required by the Court's Standing Order. AWI

9    claims that the rates for its two main trial lawyers—$1,000 per hour for Pacheco and $600 per hour

10   for Sire—are what these attorneys "charged" in a similar case. *See* ECF No. 356-2 ¶ 7; ECF No.

11   356-6 ¶ 8. But TKE asserts that AWI has not provided any records showing that these are the rates

12   that any client (AWI or otherwise) has *actually paid* for these attorneys' services. *See* ECF No. 357

13   at 12. The Court's Standing Order requires a party seeking attorney's fees to inform the opposing

14   party of the rates sought, and to support this with either "representative business records sufficient to

15   show the types of litigation in which such hourly rates were paid" or "records showing the rates paid

16   (not charged) for those services" in this specific case. *See* Standing Order § IX(E). AWI does not

17   dispute that it failed to provide actual business records, or address this issue at all, in its Reply. *See*

18   ECF No. 365. The Court thus finds that AWI failed to comply with the Court's Standing Order on

19   this point. Further, the Court notes that (as TKE pointed out), the billing records filed in support of

20   the Fees Motion actually show that AWI's counsel charged AWI *lower rates than those claimed*—

21   $800 per hour for Pacheco and $290 per hour for Sire.[7] *See* ECF No. 356-2 at 8–10. Requesting this

22

23

24

25   [6] In addition to filing a PDF, AWI submitted the spreadsheet in Excel form via email to the Court. The Excel version is essentially identical in substance.

26   [7] AWI argued in the hearing that it may seek fees higher than its actual rates under relevant law but did not

27   provide a citation in the hearing. The Court notes that the relevant contracts state that "*actual* attorney's fees" may be recovered. *See* ECF No. 356-6 at 20, 52. AWI provides no authority suggesting that where fee recovery is based on a contract, and the contract specifically provides for actual fees, a party may recover

28   more than actual fees.

1    material is consistent with governing case law on attorney's fees which requires courts to determine

2    the "actual and reasonable attorney fees." *See Fed-Mart*, 111 Cal. App. 3d at 228.[8]

3    TKE urges the Court to award no fees at all in light of the shortcomings described above.

4    TKE notes that the Court's Standing Order explicitly states that motions for attorney's fees that do

5    not comply with the Court's requirements "will not be considered." *See* Standing Order § IX(E).

6    However, in the Court's discretion, the Court is not inclined to award no fees at all in this context.

7    AWI is the prevailing party and is entitled to fees under the relevant contracts. Although AWI has

8    not met its burden of showing it is entitled to the specific fee award sought, AWI has shown (and it

9    is obvious to the Court) that AWI incurred at least some fees in the course of this litigation that

10    should be recoverable. The Court will reduce the award for the reasons described herein but will not

11    award nothing.

12    Third, it appears that AWI is seeking fees for *all work* done in the entire course of the action.

13    As discussed above, the general rule in California is that where an attorney's fees award is based on

14    a clause authorizing fees in a contract, the party may only recover for the fees associated with a

15    contract claim and not for other claims. *See Diamond*, 753 F.2d at 1467. But fees associated with

16    other claims may be recoverable to the extent that fees were "incurred for representation of *an issue*

17    common to both a cause of action for which fees are proper and one in which they are not allowed."

18    *See id.* Here, AWI acknowledges the general rule of law as stated by the Court but asserts that all

19    claims arose out of the contracts, and so that all work is recoverable. *See* ECF No. 356 at 12–13. But

20    AWI has not met its burden on this Motion of showing that all work ever done on this lawsuit was

21    for *an issue* relevant to the breach of contract claim. As one example, AWI claims on its spreadsheet

22    that it is seeking $150 (.25 hours x $600 per hour) for Sire's work on April 24, 2021, to prepare an

23    email to opposing counsel regarding the final pretrial conference order. *See* ECF No. 356-8 at 7. As

24    discussed in further detail below regarding the OSC, the record strongly suggests that this time entry

25    is related to a key email as to the OSC, in which AWI's counsel wrote to TKE's counsel and stated

26

27    [8] The Court notes that at the hearing, Pacheco made several statements that are unsupported by the evidentiary record and not contained in the papers, including that he has *never* written off fees and was fully paid for

28    certain specific matters. The Court did not consider these statements.

that AWI would no longer pursue their negligence claim, a decision made because TKE had argued that the negligence claim was barred by the economic loss rule.[9] This appears to be an issue that relates only to the negligence cause of action, and AWI has not met its burden on this motion of showing otherwise. Although this is just one small example (but a particularly salient one given the procedural history as to the negligence claim), it is indicative of a larger issue—AWI brought non-contract causes of action, and *at least some* of the work AWI's counsel did related only to those causes of action (such as research into whether the economic loss rule would bar the negligence claim, and later writing an email dropping the negligence claim). AWI has simply failed to show that *all* fees incurred were for issues common to all causes of action. AWI also proposes no rational way of determining what portion of the fees sought suffer from this defect. The Court then must use its own assessment of the litigation to reduce the fee award appropriately to only the portion attributable to the contract claims and issues related to those claims.

Finally, given the limited success AWI obtained, the Court finds it reasonable to reduce the fee award accordingly for that additional reason. A court may adjust a fee award (from the starting point of reasonable hours spent) based on a party's success in the lawsuit. *See Meister*, 67 Cal. App. 4th at 454 ("The 'degree of success' is one of the factors that a trial court should consider in setting the amount of a reasonable attorney's fee award"). If "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.*

In sum, AWI has failed to provide certain information specifically requested by the Court, thereby failing to meet its burden to show its requested amount is "actual and reasonable;" AWI has further made a request that the record suggests is likely significantly inflated by the inclusion of time spent on work that AWI is not entitled to fees for; and the Court's assessment is that AWI had

---

[9] The economic loss rule generally prohibits tort recovery for a failure to perform a contractual obligation, and although it typically applies where a contract exists, its application limits tort recovery and it does not apply to contract claims. *See Rattagan v. Uber Techs., Inc.*, 553 P.3d 1213, 1223 (2024).

1    limited success at trial. AWI bears the burden of proof on this motion. *See Diamond*, 753 F.2d at

2    1467. The Court must base its award on the evidence a party submits and may reduce the award if

3    the evidence does not support the award sought. *See Hensley*, 461 U.S. at 433 ("The party seeking an

4    award of fees should submit evidence supporting the hours worked and rates claimed. Where the

5    documentation of hours is inadequate, the district court may reduce the award accordingly."). Each

6    of the failures above provide grounds to either significantly reduce the requested fee award or deny

7    the request for fees altogether. *See id.* at 1468 (court did not abuse its discretion in awarding only

8    $807.50 in fees where the Court requested information needed to segregate work where the party

9    was entitled to fees from other work and calculate an award, and the party refused to provide it);

10   *Meister*, 67 Cal. App. 4th at 447–48 ("A fee request that appears unreasonably inflated is a special

11   circumstance permitting the trial court to reduce the award or deny one altogether."). The Court

12   further notes that AWI failed to respond in its Reply to other arguments TKE made as to why the fee

13   award should be less than what AWI requested, including that fees allocable to the negligence cause

14   of action (which only proceeded based on a misrepresentation) should not be awarded, and that AWI

15   requested fees for former counsel Feldman that post-date his departure from the case. *See* ECF No.

16   357 at 13–14. The Court understands that AWI conceded these points. For all of these reasons, the

17   Court, in its discretion, awards $300,000 in fees only to AWI.[10]

18       **B.  AWI's Request for Costs is GRANTED IN PART.**

19       AWI also requests $202,570.48 in costs. The Court will award $166,426.70.

20       i.    AWI is the Prevailing Party for Costs Purposes.

21       As discussed above, the prevailing party is generally entitled to recover costs under

22   California law. *See* Cal. Civ. Proc. Code § 1032(b). The determination of "prevailing party" for costs

23   purposes is different from the determination above as to the fees (which was limited to the contract

24   _____

25   [10] At the hearing, TKE urged the Court to find all statements by Sire and Pacheco in support of the Fees
     Motion to be not credible. TKE argued that Sire and Pacheco filed declarations regarding the sanctions issue

26   that TKE views as inconsistent with each other (ECF Nos. 378, 380), and so either Sire or Pacheco must have
     been untruthful in those declarations, and the Court could find Sire and/or Pacheco to be generally not

27   trustworthy as a result. The Court declines to take this approach. Although there are various shortcomings in
     the Fees Motion, the Court does not find the declarations as to the sanctions issue to lead to the conclusion

28   that *everything* Sire and/or Pacheco said in the other declarations is untrustworthy.

claims). *See* Cal. Civ. Proc. Code § 1032(a)(4); *see also Barnhart*, 211 Cal. App. at 239 ("The determination of the party prevailing on the contract for purposes of awarding attorney fees under section 1717 must be made independently of the determination of the party prevailing in the overall action for purposes of awarding costs under Code of Civil Procedure section 1032."). As to this analysis, TKE again argues that AWI was not the prevailing party. *See* ECF No. 357 at 15.

The Court first finds that AWI was the prevailing party for the purposes of analyzing costs. Under the relevant statute, the definition of "prevailing party" includes "the party with a net monetary recovery." *See* Cal. Civ. Proc. Code § 1032(a)(4). AWI plainly meets this definition, and TKE has provided no authority suggesting further analysis is necessary.

  ii.  <u>The Court Will Not Deny the Request for Costs based on Noncompliance with the Court's Standing Order.</u>

The Court notes that the issues with the request for attorney's fees are to some extent also present as to the request for costs. The Court's Standing Order requires an exchange of spreadsheets as to costs in advance of a meet and confer (as with fees), and the record suggests that AWI did not provide this costs spreadsheet until the day it filed its Motion. *See* ECF No. 357-1 ¶ 6. The Court could deny the request on this basis. However, in the Court's discretion, because computing costs is significantly simpler than fees, and AWI's failures did not significantly hamper the Court's review, the Court will not award no costs solely because of AWI's failure to comply with this portion of the Court's Standing Order.

  iii.  <u>The Court will Reduce the Requested Cost Award to Account for Certain Items that Are Not Recoverable as Costs.</u>

TKE objects to several specific items that AWI seeks as part of its request for costs. These items are: (1) a $92,030.04 paid to an expert witness; (2) $36,530 paid to a consulting company; (3) $1,327.81 for Westlaw research; (4) $1,272,54 for postage and photocopies; (5) $24,063.82 for hotels rooms, and (6) $10,752.15 for "Release of Stop Notice Bond." *See* ECF No. 357 at 16–17.

First, the Court finds that it is appropriate to include expert witness expenses among costs in this context. California law includes details on what costs generally may or may not be recoverable. *See* Cal. Civ. Proc. Code § 1033.5. A party generally cannot recover "Fees of experts not ordered by

16

1   the court." *See* Cal. Civ. Proc. Code § 1033.5(b)(1). However, "parties to a contract may knowingly

2   and intentionally negotiate to recover more than is statutorily authorized by Code of Civil Procedure

3   section 1033.5's list of recoverable costs." *Applied Med. Distribution Corp. v. Jarrells*, 100 Cal.

4   App. 5th 556, 583 (2024). This is what occurred here—the relevant contracts stated the prevailing

5   party could recover "actual attorney's fees and other related costs including the costs of consultants

6   or expert witnesses." *See* ECF No. 356-6 at 20, 52. California courts have explained that the

7   legislature did not intend "to prevent sophisticated parties from freely choosing a broader standard

8   authorizing recovery of reasonable litigation charges and expenses." *See Arntz Contracting Co. v. St.*

9   *Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 492 (1996). Thus, because the parties contracted

10  as such, the costs of expert witnesses is recoverable as costs here.[11]

11          Second, for the same reason, the Court finds it is appropriate to allow AWI to recover for the

12  costs of consultants. The contracts explicitly allow this as discussed above. *See* ECF No. 356 at 20,

13  52.

14          Third, the Court will not award AWI its Westlaw research costs. Section 1033.5 does not

15  allow recovery of "[i]nvestigation expenses," *see* Cal. Civ. Proc. Code § 1033.5(b)(2). The contracts

16  are ambiguous as to whether research costs or other investigation expenses are permitted. *See* ECF

17  No. 356 at 20, 52. Where contracts allowing recovery of costs do not define a specific term, the

18  contracts must be interpreted in light of the limits in section 1033.5, and so the costs are not

19  recoverable if prohibited by statute and not explicitly authorized by the contracts. *See Arntz*, 47 Cal.

20  App. 4th at 491. Because the contract does not explicitly authorize this sort of cost, the Court finds

21  that's section 1033.5 governs and these costs are not recoverable

22          Fourth, the Court will not award AWI its costs of postage or photocopying. Section 1033.5

23  expressly prohibits recovery of "[p]ostage, telephone, and photocopying charges, except for

24  exhibits." *See* Cal. Civ. Proc. Code § 1033.5(b)(3). The contract does not explicitly say otherwise, so

---

[11] TKE argued that the costs for one expert—Craig Sorenson—should be reduced because he incurred fees to analyze both projects but ultimately only testified as to one. The Court finds otherwise. The costs award as to experts or consultants is based entirely on the contract, which does not limit the recoverable costs to experts who testify and in fact also allows recovery for consulting even if the consultant does not testify. *See* ECF No. 356-6 at 20, 52.

section 1033.5 governs. AWI has not asserted that these charges are for exhibits and did not address this in its Reply. The Court finds that these costs are not recoverable.

Fifth, the Court will not award AWI its costs for hotel rooms. Section 1033.5 expressly allows recovery of "[t]ravel expenses to attend depositions." *See* Cal. Civ. Proc. Code § 1033.5(a)(3)(C). The statute does not prohibit other travel costs, but also does not authorize other travel costs, and the Court finds that this excludes other forms of travel. AWI does not assert that these costs are for depositions (and did not address this at all in its Reply), and so the Court finds that AWI has not shown that these expenses are recoverable.

Sixth, and finally, the Court will not award AWI costs for "Release of Stop Notice Bond." It is unclear to the Court the basis on which AWI seeks these purported costs—AWI argues that the contracts allow this, but does not provide a citation, and does not explain why this is a cost rather than damages. *See* ECF No. 365 at 10. The Court finds that AWI has not met its burden of showing that this is recoverable.

Thus, the Court will reduce the requested cost award by $36,143.78 (the total of $1,272,54 for postage and photocopying, $1,327.81 for Westlaw, $24,063.82 for hotel rooms, and $10,752.15 for release of stop notice bonds). The Court will thus award AWI $166,426.70 in costs.

## C. AWI's Request for Prejudgment Interest is DENIED.

As discussed above, a party may recover prejudgment interest where either damages are "certain, or capable of being made certain by calculation" or where the Court in its discretion decides to fix a day on which unliquidated damages accrued. *See* Cal. Civ. Code § 3287(a)–(b). The first provision does not apply where "damages that must be determined by the trier of fact based on conflicting evidence," as such damages are not certain. *See Bullock v. Philip Morris USA, Inc.*, 198 Cal. App. 4th 543, 574 (2011). Accordingly, here, this first provision does not appear to apply, as the jury heard conflicting evidence and awarded less in damages than AWI sought. AWI thus appears to seek interest based on the second provision, relying on the Court's discretion. But AWI merely argues that the Court has discretion without any explanation of why the Court should exercise its discretion in its favor. The statute "allows the trial court the flexibility to determine whether an award of prejudgment interest is appropriate in light of the particular facts and circumstances in the

case." *Faigin v. Signature Grp. Holdings, Inc.*, 211 Cal. App. 4th 726, 751 (2012). Here, because there were legitimate disputes as to liability, the Court does not find it appropriate to fix a date upon which TKE should have paid the damages and thus interest began to accrue. The request for prejudgment interest is DENIED.

### III.    Conclusion as to Fees Motion.

For the reasons stated herein, the Court awards AWI $300,000 in attorney's fees, $166,426.70 in costs, and $0 in prejudgment interest. The Fees Motion is GRANTED IN PART.

## RESPONSES TO OSC

### I.    Applicable Law

Federal courts have inherent power to control proceedings, including a power to sanctions parties or attorneys for certain conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 42–43 (1991). Conduct is sanctionable under a court's inherent power if it is undertaken in bad faith or "tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). Furthermore, a federal statute explicitly authorizes courts to impose "costs, expenses, and attorneys' fees" on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." *See* 28 U.S.C. § 1927. Under Section 1927, a court may sanction an attorney for conduct that amount to recklessness. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) *overruled on other grounds* by *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019). A sanction under Section 1927 cannot be imposed on a client or law firm. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010); *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1294 (9th Cir. 2015).

### II.    Discussion

The Court covered the background regarding its OSC in detail in the previous Order. *See* ECF No. 362 at 20–21. To briefly summarize, AWI initially brought a negligence cause of action, but its counsel Sire later represented in an email that "I am removing the negligence cause of action." *See id.* at 20. TKE did not pursue discovery into the negligence claim or prepare for trial on it, and the parties omitted it from various filings. *See id.* Three years later, AWI sought to reassert the negligence claim by including it among jury instructions submitted in advance of the Final Pretrial Conference. *See id.* At the Final Pretrial Conference, the Court inquired into the dispute, and

1  Sire represented that his understanding was that the negligence cause of action was "still in play"

2  and that its omission from previous filings had been "inadvertent." *See id.* The Court then

3  specifically asked, "So it's your assertion as an officer of the Court that the omission of negligence

4  was inadvertent?" *See id.*; *see also* ECF No. 283-1 at 16. To which Sire responded, "Yes, Your

5  Honor." *See* ECF No. 362 at 20; *see also* ECF No. 283-1 at 16.

6       The Court allowed AWI to proceed to trial on the negligence claim. *See id.* TKE later found

7  the email discussed above, but only after trial had begun. *See id.* TKE brought a Motion to Strike the

8  Negligence claim just as the Court was preparing to instruct the jury and attached to its motion the

9  email as well as the transcript from the July hearing. *See* ECF No. 283. Sire asserted in response,

10  "I . . . dispute the allegations. I look forward to having the opportunity to actually review the

11  documents represented in the motion and to respond to them in writing." *See* ECF No. 328 at 16.

12  Given Sire's prior representation that the claim had been dropped inadvertently and in light of Sire's

13  assertion that he disputed the allegations in the Motion—namely, that the claim had previously been

14  dropped intentionally—even after having reviewed the purported email, the Court, out of an

15  abundance of caution, let the negligence cause of action go to the jury. The jury found for AWI on

16  the negligence claim and awarded AWI damages; the Court later struck those damages as legally

17  improper under the economic loss rule (which the Court understands to be the original basis upon

18  which Sire had agreed in the email to drop the claim). *See* ECF No. 362.

19       The Court ordered AWI to show cause "as to whether Sire made a false statement to the

20  Court or otherwise exhibited a lack of candor to the Court in making his statements regarding the

21  negligence claim, and, if so, why sanctions should not issue." *See id.* at 23.

22       In its Response to the OSC, AWI concedes that Sire's statements to the Court at the Final

23  Pretrial Conference were false. *See* ECF No. 369 at 6. The Court finds that Sire made a false

24  statement to the Court when he represented, "as an officer of the Court," that he had inadvertently

25  removed the negligence cause of action from previous filings, and that the cause of action was "still

26  in play." *See* ECF No. 362 at 20; *see also* ECF No. 283-1 at 16. The falsity of this statement is made

27  clear by his email where he represented that he would remove it. Sire either knew or should have

28  known that this statement was false. This was conduct in bad faith or tantamount to bad faith that

1   multiplied the proceedings unnecessarily. The only question is whether sanctions should issue, and if

2   so, what the sanctions should be.

3          In its Response to the OSC, AWI urges the Court to consider Sire's untruthful statements "in

4   the prism of life and its failures," and makes similar philosophical statements. *See* ECF No. 369 at

5   10, 18 ("to err is human;" "A recognition of life's fragilities, and mistakes by humans prone to such

6   accidents, should not be unconsidered."). AWI further notes that Sire has left the firm he practiced at

7   when he made the statements (Pacheco's firm Pacheco & Neach PC) and urges that any sanction

8   should be directed at Sire only and not at Pacheco or AWI itself. *See id.* at 18.

9          TKE argues that sanctions should issue. *See* ECF No. 375. TKE argues that it was left

10  unprepared for trial and ambushed by the fact that the Court allowed the negligence cause of action

11  to proceed due to Sire's statements. *See id.* at 23. TKE further argues that although no damages were

12  ultimately awarded as to the negligence cause of action, the negligence cause of action nevertheless

13  affected trial, as TKE had to allot some of its trial time (limited to 12 hours by Order of the Court)

14  on this cause of action, and the jury heard jury instructions and evidence related to this cause of

15  action.[12] *See id.* at 24. TKE also argues that declarations submitted by AWI in its response are not

16  credible. TKE takes issue with statements from Pacheco that he was never aware of the negligence

17  cause of action's removal, despite a statement on his firm website that he undertook a

18  "comprehensive review" of this case after being retained, and that he has "served uninterrupted as an

19  attorney in California" since 1983, despite the fact that his license to practice law was briefly

20  suspended in July of 2024 for noncompliance with reporting requirements. *See* ECF No. 375 at 13–

21  15. TKE also takes issue with AWI employee Zhirayr Mekikyan's ("Mekikyan's") statement that he

22  was unaware of the removal of the negligence cause of action, in light of the time entry discussed

23  above, where AWI's counsel appears to have billed time for sending the email where negligence was

24  removed. *See* ECF No. 375 at 17–18.

25

26

27  _____

28  [12] TKE does not identify any specific evidence that was admitted as to the negligence cause of action, or argue that any specific evidence was prejudicial. *See* ECF No. 375 at 25.

Having reviewed the record, the Court determines that sanctions should issue. Given the significance of potentially adding a new cause of action weeks before trial, the Court sought at the Final Pretrial Conference to determine the status of the negligence cause of action and why it had not appeared in prior filings. Although now AWI suggests that Sire's answer was clouded by the "fog of litigation," *see* ECF No 369 at 15, that is no excuse. The Court asked the question in the way that it did for a reason. Sire could have responded that he was not sure or did not remember or needed to check. He did not. He answered unequivocally in the affirmative. In addition, Sire could have hurried back to his office to confirm whether the representation he had made "as an officer of the Court," was accurate, but there is no evidence that he did so. He could have done further research or met and conferred in the following weeks prior to the start of trial, but there is no evidence that he did so. When presented with the email, he could have immediately fallen on his sword and acknowledged that the negligence cause of action should not go to the jury. Rather, he provided the answer that was most favorable to his client and now suggests that the Court should disregard it. The Court is inclined to do no such thing.

The fact that the Court eventually struck the negligence claim does not by any means make Sire's conduct harmless. Defendants spent needless time preparing for trial on the negligence claim, defending the negligence claim at trial, moving to have it stricken during trial, and moving again to have the damages stricken after trial. All of this could have been avoided if Sire had answered anything other than "Yes, Your Honor," to the Court's simple question.

In determining the amount of sanctions to impose, the Court would like to consider the fees and costs expended by TKE in the activities described above after the false statement was made. TKE is ordered to meet and confer with AWI and submit a joint statement concerning its fees estimate and AWI's response, following the same guidance as in the Court's Standing Order regarding fee requests. The Court will advise the parties if any further hearing is required.

With respect to whether the Pacheco firm and/or AWI should share in the sanctions, the Court finds that there is no evidence that the client participated in the violation or ultimately benefited from it, and based on the authorities described above, sees no basis to sanction AWI. *See Sneller v. City of Bainbridge Island*, 606 F.3d at 640. Pacheco, however, is jointly responsible for the

misrepresentation, the failure to immediately correct it, and the decision to "dispute the allegations" even when presented with an email in black and white. Pacheco was lead trial counsel and could have dropped the negligence claim after being presented with the email showing that his co-counsel had deliberately dropped the claim (*see* ECF No. 283, TKE filed a Motion to Strike during trial with the email in question) and chose not to do so.

The Court need not reach the other arguments raised by TKE.

## CONCLUSION

For the reasons stated herein, the Court ORDERS as follows:

1. TKE's Motion to Strike (ECF No. 368) is DENIED.

2. AWI's Fees Motion (ECF No. 356) is GRANTED IN PART. The Court will award TKE $300,000 in attorney's fees, $166,426.70 in costs, and $0 in prejudgment interest. The Court will incorporate this award into the Judgment in this case.

3. The Court finds that David Sire made a false statement to the Court as described herein.

4. The Court's Order to Show Cause (ECF No. 362) SHALL BE ENFORCED against Sire and his then law firm, Pacheco and Neach, PC, and sanctions SHALL ISSUE in an amount to be determined.

5. The Court ORDERS the parties to meet and confer and then file a joint statement within thirty (30) days regarding the fees TKE incurred as a result of the false statement as described above.

IT IS SO ORDERED.

Dated: April 21, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge